IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SANTIAGO CHANO, ALEX ELIZONDO, MARIO DE LA GARZA, AND JUAN G. GARZA, Individually and on Behalf of Similarly Situated Individuals,<br>Plaintiff,<br><br>v.<br><br>CITY OF CORPUS CHRISTI,<br>Defendant. | Civil Case No. _____<br><br>JURY DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, SANTIAGO CHANO, ALEX ELIZONDO, MARIO DE LA GARZA AND JUAN G. GARZA, Individually and on and on behalf of all others similarly situated individuals, by way of their Complaint in the above-captioned matter, allege and show unto this Honorable Court the following:

### I. NATURE OF CLAIM

1.1     This case involves not being compensated for working off the clock. At issue is the fact that the City of Corpus Christi did not compensate Plaintiffs, and similarly situated individuals, for purported "on call" time during which Plaintiffs were required to be "on call" for the Defendant, and to monitor and respond to their radio during such times. Specifically, and as required by Defendant, Plaintiffs were required to respond within 30 minutes of the call, and respond to referred calls, and were subject to disciplinary action if they failed to do so. In exchange for this "on call" work status, Plaintiffs were to be compensated two hours pay for every 24 hour shift that occurs during a normal day off, or compensated one hour pay for each on call shift in addition to their work day.

1.2     Defendant has failed to pay the Plaintiffs, and all those similarly situated, with the "on call" pay. Defendant has failed to compensate Plaintiffs for two hours pay for every 24 hour shift that occurs during a normal day off, or to be compensated one hour pay for each on call shift in addition to their work day.

1.3     For these reasons, Plaintiffs, and all similarly situated individuals, seek unpaid wages, liquidated damages, attorney fees, court costs, interest, and all and any other relief provided by law.

## II. JURISDICTION & VENUE

2.1     This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). This Court has supplemental jurisdiction over state law claims involving 29 U.S.C. §207(a) and 29 U.S.C. §216(b).

2.2     This Court has personal jurisdiction over the Defendant because it is a municipality in the State of Texas.

2.3     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367 over Plaintiffs' pendent claims, which are brought pursuant to the statutory and common law of the State of Texas, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

2.4     Venue is appropriate because the Defendant employed Plaintiffs, and similarly situated individuals at issue in this case in Nueces County, Texas.

## III. PARTIES

3.1 The Named Plaintiffs, and similarly situated individuals, are individuals who performed work for the Defendant for many years. During those years, Plaintiffs worked in the water and/or wastewater and/or utilities department for Defendant, and were all required to work on call service.

3.2 Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a). Plaintiff and the similarly situated employees are individuals who were, or are, (1) employed by the City of Corpus Christi, (2) were paid hourly, and (3) were not paid for on call time where they were required to monitor and respond to their radios.

3.3 The City of Corpus Christi is a Municipality in Texas. Corpus Christi is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

3.4 Plaintiffs bring this action individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all City workers who were non-exempt employees and were requested to be "on call" but were not compensated for that "on call" work.

3.5 This Court has jurisdiction over the state claims alleged herein, and of the FLSA claims per 28 U.S.C. § 1331, 29 U.S.C. § 207(a) and 29 U.S.C. § 216(b).

3.6 In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the statutory and common law of the State of Texas, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## IV. COLLECTIVE ACTION ALLEGATIONS

4.1     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

4.2     At all times hereinafter mentioned, Defendant has been a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

4.3     Defendant and Plaintiffs are covered by the overtime provisions of the FLSA.

4.4     Plaintiffs were on call and required to respond within 30 minutes of the call, and respond to referred calls, and were subject to disciplinary action if they failed to do so. In exchange for this "on call" work status, Plaintiffs were to be compensated two hours pay for every 24 hour shift that occurs during a normal day off, or compensated one hour pay for each on call shift in addition to their work day.

4.5     The City of Corpus Christi did not, and has not, compensated Plaintiffs for this on call work.

4.6     On call time is compensable time.

4.7     Pursuant to *City of Corpus Christi Policies & Procedures Manual sub-section S. "On Call Pay",* Plaintiffs must be paid in exchange for this "on call" work status, Plaintiffs were to be compensated two hours pay for every 24 hour shift that occurs during a normal day off, or compensated one hour pay for each on call shift in addition to their work day. Plaintiffs were not relieved of their work duties.

4.8     For at least 10 years, the City of Corpus Christi has failed to pay Plaintiffs for on call status. Due to Defendant's willful conduct, pay and damages should be awarded for a minimum of three (3) years' back pay. Further and in the alternative, due to Defendant' willful intent to cover up and not inform Plaintiffs of their right to overtime pay, this

Honorable Court should award equal to a 10x multiplier of the amount of three (3) years' back pay, as a sanction for that intent to deceive.

4.9     Plaintiffs and other similarly situated employees routinely worked in excess of forty (40) hours per week without overtime compensation.

4.10    These practices violate the provisions of the Federal Fair Labor Standards Act, which requires overtime pay at one and one-half the regular hourly rate for each hour over forty in a workweek.

4.11    As a result of these unlawful practices, Plaintiffs suffered loss of wages.

4.12    City of Corpus Christi showed reckless disregard for the fact that its failure to pay workers overtime compensation and minimum wages was in violation of these laws.

4.13    City of Corpus Christi's actions in violating the FLSA were willful.

4.14    City of Corpus Christi failed to act in good faith to comply with the FLSA.

4.15    All conditions precedent to the bringing of this suit have been satisfied or fulfilled.

## V. OVERTIME PAY

5.1     For the reasons stated herein, the Named Plaintiffs and any opt-in Plaintiffs are owed unpaid overtime pay, any unpaid straight time in a week in which unpaid overtime is owed, liquidated damages, attorney fees, costs, and interest.

5.2     The Named Plaintiffs and any opt-in Plaintiffs also seek injunctive relief enjoining future violations, enjoining retaliation against them for bringing these claims, by the Defendant or their agents, managers, or supervisors, and requiring monitoring, training, and notice to all employees.

5.3     The Named Plaintiffs and any opt-in Plaintiffs seek to pursue their claims collectively as allowed by the Fair Labor Standards Act. This includes notice, the opportunity to opt-in, and the ability to proceed collectively through discovery and litigation.

5.4     The Named Plaintiffs seek an appropriate incentive award for their work in this case.

## VI. STATE LAW CLAIMS

6.1     Plaintiffs additionally seek damages for failure to properly pay them for this "on call" work status, Plaintiffs were to be compensated two hours pay for every 24 hour shift that occurs during a normal day off, or compensated one hour pay for each on call shift in addition to their work day.

6.2     The Named Plaintiffs, individually and on behalf of similarly situated workers, assert causes of action for declaratory judgment, breach of contract, quantum meruit, promissory estoppel, common law debt, and the Texas Payday Act.

6.3     The Named Plaintiffs, individually and on behalf of similarly situated workers, seek unpaid wages, attorney fees, costs, and interest.

6.4     The Named Plaintiffs, individually and on behalf of similarly situated workers, also seek injunctive relief enjoining future violations, enjoining retaliation against them for bringing these claims, by the Defendant or their agents, managers, or supervisors, and requiring monitoring, training, and notice to all employees.

6.5     The Named Plaintiffs seek to pursue their claims as a class as allowed by FED. R. CIV. P.

6.6     The Named Plaintiffs seek an appropriate incentive award for their work in this case.

## VII. <u>JURY DEMAND</u>

7.1   Plaintiffs exercise the right to a jury.

## VIII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all workers who: (1) were employed by the City of Corpus Christi within three years of this suit, (2) were paid hourly, and (3) employees who were on call but were not paid two hours pay for every 24 hour shift that occurs during a normal day off, or compensated one hour pay for each on call shift in addition to their work day.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages for hours worked during lunch or while on call;

2. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

3. Judgment against Defendant for an amount equal to the Named Plaintiffs and the class' unpaid overtime wages at the applicable overtime rate;

4. Judgment against Defendant for an amount equal to the Named Plaintiffs and the class' unpaid straight wages at the applicable regular rate where overtime is also owed in the same workweek;

5. Judgment against Defendant for liquidated damages equal to the unpaid wages awarded;

6. Judgment against Defendant that their violations of the FLSA were willful;

7. Judgment against Defendant for economic damages compensating the Named Plaintiffs and the class so that they are compensated at least one hour's pay for time spent working on call.

8. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

9. All costs and reasonable attorney's fees for prosecuting these claims;

10. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

11. Leave to amend to add claims under applicable federal or state laws; and

12. For such further relief as the Court deems just and equitable.

Respectfully submitted,

COVICH LAW FIRM, P.L.L.C.

/S/ Daniel G. Covich
Texas Bar No. 04906500
403 North Tancahua St.
Corpus Christi, Texas 78401
(361) 752-1102 - Telephone
(361) 756-0397 - Facsimile
daniel@covichlawfirm.com

**Attorney-in-Charge for Plaintiffs**