IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Santiago Chano, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-141 |
| | § | A Jury is demanded |
| City of Corpus Christi, Texas, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CITY OF CORPUS CHRISTI'S ORIGINAL ANSWER**

To the Honorable United States District Judge Nelva Gonzales Ramos:

COMES NOW, Defendant City of Corpus Christi (the "City") and files this *Original Answer* and would show the Court as follows:

1.    The City is not required to respond to those parts of paragraph 1.1 of *Plaintiff's Collective Action Complaint* (the "Complaint") which do not constitute factual averments. The City denies Plaintiffs were not properly compensated. The City denies any employees similarly situated with Plaintiffs were not properly compensated. The City denies there is any statutory requirement requiring it to compensate Plaintiffs for "on call" time.

2.    The City denies the factual averment contained in the first sentence of paragraph 1.2 of the Complaint. The City admits it has not paid Plaintiffs for two hours pay for every 24 hour shift that occurs during a normal day off, or one hour pay for each on call shift in addition to their work day. The City denies it has "failed" to make these payments to Plaintiffs because the City is not obligated to make such payments.

3.   There are no factual averments contained in paragraph 1.3 of the Complaint which require a response.

4.   The City admits the factual averments contained in the first sentence of paragraph 2.1 of the Complaint.  The second sentence of paragraph 2.1 of the Complaint is a conclusion of law and no response is required.

5.   The City admits the factual averment contained in paragraph 2.2 of the Complaint.  No response is required to the conclusion of law contained in paragraph 2.2 of the Complaint.

6.   Paragraph 2.3 of the Complaint is a conclusion of law and no response is required.

7.   The City admits it employed Plaintiffs. The City lacks knowledge or information sufficient to form a belief about the truth of the remainder of the factual averments contained in paragraph 2.4 of the Complaint.

8.   The City admits the factual averments contained in paragraph 3.1 of the Complaint except that the City denies that Plaintiffs were "required to work on call service."

9.   The City admits the factual averments contained in paragraph 3.2 of the Complaint except the City denies that Plaintiffs were "required to monitor and respond to their radios."

10. The City admits the factual averments contained in paragraph 3.3 of the Complaint.

11. The City admits the factual averments contained in paragraph 3.4 of the Complaint, except the City denies that it was required to compensate Plaintiffs for being "on call."

12. The City admits this Court has jurisdiction of Plaintiffs federal law claims. The City denies any of the statutes cited in paragraph 3.5 of the Complaint provide this Court with jurisdiction over Plaintiffs' state law claims, but does admit that the cited statutes vest this Court with jurisdiction over Plaintiff's federal law claims.

13. The City admits this Court has supplemental jurisdiction over Plaintiffs state law claims as asserted in paragraph 3.6 of the Complaint.

14. The City admits the factual averments contained in paragraph 4.1 of the Complaint.

15. The City admits the factual averments contained in paragraph 4.2 of the Complaint.

16. The City admits the factual averments contained in paragraph 4.3 of the Complaint.

17. The City denies the factual averments contained in paragraph 4.4 of the Complaint.

18. To the extent Plaintiffs aver, in paragraph 4.5 of the Complaint, they have not been fully compensated by the City for work Plaintiffs performed, the City denies such an averment.

19. The statement contained in paragraph 4.6 of the Complaint is a conclusion of law to which no response is required. The City admits that "on call" time may be

compensable if an employee's ability to pursue personal activities is significantly limited. The City specifically denies any request by the City for Plaintiffs to participate in "on call" time significantly limited Plaintiffs' ability to pursue personal activities.  The City further avers that with a few exceptions employers' on-call requirements are permitted and therefore not compensable under the *Fair Labor Standards Act*, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). *E.g. Bright v. Houston N.W. Med. Ctr. Survivor*, 934 F.2d 671, 677 (5th Cir. 1991), *cert. denied*, 502 U.S. 1036 (1992). *See also Arrington v. City of Macon*, 986 F. Supp. 1474, 1479-80 (M.D. Ga. 1991) (time spent by police officers on call not compensable even though they were required to notify dispatchers when they left their homes, remain within a specific geographical area, and respond to a call within 30 minutes).

20. The City denies the factual averments contained in paragraph 4.7 of the Complaint.

21. To the extent paragraph 4.8 of the Complaint avers the City had any legal obligation to pay Plaintiffs for "on call" time, the City denies such an averment. The City denies the remainder of the factual averments in paragraph 4.8 of the Complaint.

22. The City denies the factual averments contained in paragraph 4.9 of the Complaint.

23. The City denies that it engaged in any practice which violated the FLSA. The remainder of the statements contained in paragraph 4.10 of the Complaint are conclusions of law to which no response is required.

24. The City denies the factual averments contained in paragraph 4.11 of the Complaint.

25. The City denies the factual averments contained in paragraph 4.12 of the Complaint.

26. The City denies the factual averments contained in paragraph 4.13 of the Complaint.

27. The City denies the factual averments contained in paragraph 4.14 of the Complaint.

28. The City denies the factual averments contained in paragraph 4.15 of the Complaint.

29. The City denies the factual averments contained in paragraph 5.1 of the Complaint.

30. There are no factual averments contained in paragraph 5.2 which require a response.

31. There are no factual averments contained in paragraph 5.3 which require a response.

32. There are no factual averments contained in paragraph 5.4 which require a response.

33. The City denies the factual averments contained in paragraph 6.1 of the Complaint.

34. There are no factual averments contained in paragraph 6.2 which require a response.

35. There are no factual averments contained in paragraph 6.3 which require a response.

36. There are no factual averments contained in paragraph 6.4 which require a response.

37. There are no factual averments contained in paragraph 6.5 which require a response.

38. There are no factual averments contained in paragraph 6.6 which require a response.

39. There are no factual averments contained in paragraph 7.1 which require a response.

WHEREFORE, defendant City of Corpus Christi requests that upon final trial of this case this Court enter a take nothing judgment in favor of defendant City of Corpus Christi, Texas, including costs of court and that this Court enter a judgment granting defendant City of Corpus Christi all other relief to which it may be justly entitled.

Respectfully submitted,

_s/ M. Michael Meyer_
M. Michael Meyer
Federal Admission I.D. No. 9398
State Bar I.D. No. 13993850

ATTORNEY-IN-CHARGE FOR
DEFENDANT CITY OF CORPUS
CHRISTI

6

Of Counsel:

Legal Department
CITY OF CORPUS CHRISTI
P.O. Box 9277
Corpus Christi, Texas 78469
Telephone: (361) 826-3362
Facsimile: (361) 826-3239
michaelm4@cctexas.com

## CERTIFICATE OF SERVICE

Pursuant to § 9.B of the *Administrative Procedures For Electronic Filing In Civil And Criminal Cases,* I hereby certify that a true and correct copy of the foregoing document will be automatically served on all known Filing Users by Notice of Electronic Filing on this 21st day of June, 2017.


                                   *s/ M. Michael Meyer*