United States District Court
Southern District of Texas

**ENTERED**

April 09, 2018

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANTIAGO CHANO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-141 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING CONDITIONAL
## CERTIFICATION OF COLLECTIVE ACTION

This is a collective action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Pending is Plaintiffs' Opposed Motion For Conditional Certification of Collective Action and To Approve Notice Of Suit To Potential Class Members. (D.E. 33). Having considered the parties' briefing, arguments, the applicable legal authorities, and all matters of record, Plaintiffs' motion is **GRANTED as modified** with a more narrowly tailored putative class as set forth below. The notice procedures are set forth at the end of this order.

## I.   JURISDICTION

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 16). The undersigned has authority to rule on this matter as it is non-dispositive. *See Patton v. Thompson Corp.*, 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005); *Ruggles v. WellPoint, Inc.*, 591 F. Supp.

2d 150, 156 (N.D.N.Y. 2008); *Headrick v. Tucker Energy Serv., Inc.*, No. SA-16-CA-749-OLG, 2017 WL 2999976, at *1-4 (W.D. Tex. Mar. 20, 2017).

## II.    BACKGROUND

Plaintiffs  Santiago Chano, Alex Elizondo, Mario De La Garza and Juan G. Garza are current or former employees of the City of Corpus Christi ("the City").  Plaintiffs each worked in the Collections Divisions of the City's wastewater department.  Plaintiffs allege they and potential class members as part of their employment with the City were not paid for times when they were "on call."  They allege that because their on call status required them to respond within 30 minutes, comply with  the City's alcohol and drug policy and to be subject to discipline for not complying with the "on call" policy, they should have been paid pursuant to the City's on call policy.  They further allege the City's failure to compensate them for the time when they were on call violated provisions of the FLSA.  Plaintiffs seeks to bring a collective action on behalf of all of current or past workers in the Wastewater Department of the City who were required to be "on call" afterhours without pay. (D.E. 33, p. 1).   The City maintains Plaintiffs were not subjected to these restrictive "on call" rules and that employees who were subject to these rules were properly compensated.

On April 25, 2017, Plaintiffs filed their complaint alleging the City violated sections of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (D.E. 1).  On June 21, 2017, after being granted two extensions, the City filed an Answer.  (D.E. 11).  On February 21, 2018, Plaintiffs filed the instant Opposed Motion For Conditional Certification of Collective Action and To Approve Notice Of Suit To Potential Class

Members. (D.E. 33).   The City filed a response to the motion on March 16, 2018 and Plaintiffs filed a reply on March 23, 2018.  (D.E. 39 & 40).  The City filed a sur-reply on March 27, 2018.  (D.E. 41).   A hearing on conditional certification was held before the undersigned on April 3, 2018.

Plaintiffs seek conditional certification of a collective action consisting of the following putative class:

> All (1) current and former crewmembers and supervisors, (2) employed by the Wastewater Department of the City of Corpus Christi (3) within the three year statutory period, (4) who were paid by the hour, and (5) were required to be "on call" and available for work after normal working hours.

(D.E. 33, p. 5).

Plaintiffs maintain conditional certification is appropriate because additional individuals employed by the City were subjected to the same on call restrictions but were not paid for the time when they were on call after hours.   Plaintiffs maintain these potential class members are "similarly situated" to Plaintiffs.   (D.E. 33, p. 13-16). Plaintiffs seek to proceed in this FLSA action collectively with other similarly situated current and former employees of the City.

The City opposes conditional certification.   The City maintains conditional certification should be denied because (1) Plaintiffs' supervisors did not apply the restrictive on call procedures to Plaintiffs; (2) Plaintiffs' proposed class is overly broad because it would include other City employees who were entitled to on call pay and were in fact compensated by the City for this time; (3) There has been no showing others are similarly situated to Plaintiffs; and (4) The claims of the twelve additional persons who

have filed consent forms to "opt in" to this action ("the Consents") are barred by limitations.

## III.   ANALYSIS

### A.      Legal Standard for Conditional Certification

The FLSA allows collective actions to be brought on behalf of "similarly situated" workers.  Under the FLSA, an employee may file a lawsuit for unpaid wages on behalf of himself as well as other "similarly situated employees" who "opt-in" to the suit. 29 U.S.C. § 216(b); *Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 464 n. 2 (S.D. Tex. 2012). The term "similarly situated" is not defined in the FLSA. *See, e.g.*, 29 U.S.C. §§ 203, 216.  Courts in this District interpret "similarly situated" to mean an employee who is "affected by a common policy, plan, pattern, or practice" as the one at issue in the plaintiff's lawsuit. *McKnight v. D. Hous., Inc.,* 756 F. Supp. 2d 794, 803 (S.D. Tex. 2010).

Where a plaintiff seeks to bring a collective action on behalf of others, the plaintiff must seek certification and request notice be approved by the district court, and the putative class members must consent in writing to become a party to the action. 29 U.S.C. § 216(b).   The district court then has the discretion whether to approve the collective action and facilitate notice to potential plaintiffs. *Simmons v. T-Mobile USA, Inc.*, Civ. A. No. 4:06-cv-01820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2007). "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.  The judicial system benefits by the efficient resolution

in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989).

When considering motions for conditional certification under the FLSA, district courts in the Fifth Circuit usually proceed under the *Lusardi* approach— i.e., it is undertaken early in the case and a plaintiff's allegations that "similarly situated" workers exist and wish to opt-in to the suit are reviewed "leniently." *Lusardi v. Xerox, Corp.,* 118 F.R.D. 351 (D.N.J. 1987).  Whether to certify a suit as a collective action under the FLSA is a decision committed to the discretion of the court. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) (overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90–91 (2003)).  Courts in the Southern District of Texas generally use the *Lusardi* approach to determine whether a collective action is warranted. *See, e.g., Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012).

The *Lusardi* analysis proceeds in two stages: (1) a "notice stage" followed by (2) a decertification stage. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n. 2 (5th Cir. 2008) (citations omitted). The notice stage takes place early in the case, before the parties have a chance to conduct substantive discovery. *Blake v. Hewlett–Packard Co.,* No. 4:11–CV–592, 2013 WL 3753965, at *4 (S.D. Tex. July 11, 2013). In contrast, the decertification process occurs after the parties have had ample opportunity for discovery. *Id.* At the first stage, the court makes a preliminary determination whether there are any potential plaintiffs who may be similarly situated to the plaintiff in the pending lawsuit. *Mooney*, 54 F.3d at 1213–14.

The plaintiff seeking conditional certification must present at least a "minimal showing" that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt-in to the lawsuit." *Walker*, 870 F. Supp. 2d at 465–66 (citations omitted). Because this analysis occurs before the discovery process, the burden on the lead plaintiff is "lenient and typically results in conditional certification." *Id.* Courts often make the determination based on the pleadings and any available affidavits. *Id.*

The second stage of *Lusardi* occurs after discovery has taken place. Upon a defendant's motion to decertify, the trial court reviews the available evidence collected in discovery. *Id.* If the court finds that the evidence shows the plaintiffs are not in fact "similarly situated" to the original lead plaintiff, then the class is decertified, the opt-in plaintiffs are dismissed, and the original plaintiff proceeds individually. *Id.*

The present case is at the "notice stage" of the *Lusardi* analysis. At this stage, the Court's decision is made using a fairly lenient standard and the plaintiffs need only to make a minimum showing to guide the Court's determination whether to issue notice to potential class members. *Mooney,* 54 F.3d at 1214.

**B.     Application of the Law to the Present Case**

**1.     Whether reasonable basis for crediting the assertions that aggrieved individuals exist**

Plaintiffs have each submitted affidavits setting forth they were or are employees of the City, working in the wastewater department, paid on an hourly basis and they were

subjected to the City's on call policy which is attached to each of their affidavits. (D.E. 33-1 through 33-4). Plaintiffs each aver when on call they were required to respond within 30 minutes of being called in or subject to discipline if they failed to do so. Each has further stated under oath they were not paid on call pay prior to the merger of the Wastewater Department with the Utilities Department.[1] Twelve additional persons have filed consent forms and have submitted affidavits similar to those of the named Plaintiffs. (D.E. 33-5 through 33-16). Plaintiffs Chano, Elizondo & De La Garza have submitted additional affidavits where, among other things, they each alleged they were issued pagers for the time when they were on call and that they did not receive any on call pay until 2017. (D.E. 40-2, 40-3, & 40-4).

The Department of Labor has promulgated regulations applicable to on call time for employees to determine whether such hours are compensable under the FLSA. "An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while 'on call.'" 29 C.F.R. § 785.17. Whether on-call time is compensable working time depends upon the working agreements between the parties governing on call work and the degree to which the employee is permitted or free to engage in personal activities during periods of idleness when he is subject to call. *Id; Rousseau v. Teledyne Movible Offshore, Inc.*, 805 F.2d 1245, 1248 (5th Cir. 1986).

---

[1] The parties dispute the exact date of when the Wastewater Department merged into the City's Utilities Department. The Court understands that at some point Plaintiffs began receiving on call pay.

In the Fifth Circuit, relevant facts for courts to consider when determining whether an employee is free to use his time for his own purposes are: (1) whether the employee is restricted to some fixed place designated by his employer; or may move between various locations such as his own home, friends' homes, churches, restaurants, or gyms; (2) what activities the employee may engage in, such as eating, sleeping, drinking alcohol, exercising, watching television, doing laundry, or playing cards or other games; (3) the response time or maximum distance radius from the place of business imposed on the employee; (4) whether employees can make arrangements to trade on call shifts among themselves or request their employer to reassign an on call shift to another employee; and (5) the frequency with which employees must respond to a call. *Bright v. Houston NW. Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 677-78 (5th Cir. 1991) (en banc); *Paniagua*, 995 F.2d at 1317; *Brock v. El Paso Natural Gas Co.*, 826 F.2d 369, 373–74 (5th Cir.1987).

The Court understands the City disputes the factual and legal basis Plaintiffs' claims. However, the merits of the case are not decided at the conditional certification stage. *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012); *Nieddu v. Lifetime Fitness, Inc.*, 977 F.Supp.2d 686, 690 (S.D. Tex. 2013). Further, Plaintiff's claims need not be identical to the potential opt-ins, only similar. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996). Having considered the relevant factors, the undersigned finds Plaintiffs have set forth a reasonable basis for crediting the assertions that aggrieved individuals exist.

**2.     Whether aggrieved individuals are similarly situated to Plaintiffs in relevant respects given the claims and defenses asserted**

Plaintiffs seek conditional certification for persons who worked in the City's Wastewater Department.   The City has presented sufficient evidence and reasons why this proposed class is too broad and would include persons who are not similarly situated to Plaintiffs.  Wastewater is composed of three main divisions: Wastewater Collections ("Collections"), Wastewater Treatment ("Treatment"), and Wastewater Major Maintenance ("Lift Stations").  (D.E. 39, p. 4).   These divisions have different functions and different needs regarding City employees being on call.  As a result, persons in the Collections Division were not treated the same as persons in the Treatment and Lift Stations Divisions of the Wastewater Department.   (D.E. 39, pp4-5) (citations to affidavits omitted).   The City also presents evidence that the Collections Division is further divided into two subdivisions, that is, Collections Response and Collections Repairs. (D.E. 39, pp. 4).  According to the City, persons who have filed consent forms worked primarily in Collections Response.  (D.E. 39, p 6).   The City argues persons working in Collections Response and Collections Repairs were not similarly situated with regard to the City's on call rules and procedures.  However, the evidence submitted by Plaintiffs does not make this distinction.  (D.E. 40, p. 2)(citations to affidavits omitted). Additionally, if it is determined that the positions within the Collections Division are materially dissimilar with regard to the City's on call policy, those differences can be dealt with during the decertification stage or with dispositive motions.   The undersigned finds that current and former crew members and foremen employed in the Collections

Division of the Wastewater Department who were paid on an hourly basis are similarly situated and conditional certification is appropriate as to this group of employees.

### 3.   Whether those individuals want to opt-in to the lawsuit

By the undersigned's count, thirteen persons, not including the Plaintiffs, who work or worked in the Collections Division of the Wastewater Department have filed consent forms in this action.  (D.E. 23, 29, 30).  That is sufficient to establish that persons in addition to the named Plaintiffs want to opt in to this law suit.

## IV.   CONCLUSION

Having considered the briefing, exhibits and applicable law, the undersigned is satisfied the Court should conditionally certify this collective action and notice should be issued.  Plaintiffs have established that other individuals in the Collections Division of the Wastewater Department of the City of Corpus Christi and others who desire to opt in and are "similarly situated" with respect to their allegations of not being properly compensated for their on call time.

Therefore, the undersigned **GRANTS as modified** the Plaintiffs' Opposed Motion for Certification (D.E. 33).  The putative class shall be set forth in the notice to potential plaintiffs worded as follows:[2]

> **(1)    current and former crew members and foremen; (2) employed in the Collections Division of the Wastewater Department of the City of Corpus Christi; (3) on or after April 25, 2014; (4) who were paid by the hour; (5) worked "on call"**

---

[2] The parties were ordered to confer and submit by 12:00 noon on April 6, 2018, a proposed order setting forth the mechanics for notification and a defined class limited to the Collections Division.  The undersigned held that this submission would not waive any objection the parties may have to any aspect of this Order and the issue of conditional certification.  The parties were unable to submit an agreed order.  The City, however, filed its proposed order which the undersigned has considered. (D.E. 43-1).

**after normal working hours; and (6) were not paid "on call" pay for the qualified "on call" hours worked.**

**For purposes of this notice, "on call" hours are considered qualified if the non-exempt employees were required to remain "on call" on the City's premises or so close to those premises that the employees could not use the time effectively for their purposes.**

It is further ORDERED that the Parties shall comply with the following deadlines and directives:

1) **Within Fourteen (14) days** from this Order, Defendant is to disclose to Plaintiffs' counsel the names, last known addresses, e-mail addresses, phone numbers and dates of employment of the Putative Class Members in a usable electronic format.

2) **Within Fourteen (14) days** from this Order, Plaintiffs shall file with the Court the final version of the notice and consent forms. Subject to the description of the class being modified pursuant to this Order and the removal of the footnote that follows the asterisk on page 3, the notice form filed as docket entry 43-2 is approved.

3) **Within thirty (30) days** from this Order, Plaintiffs' Counsel shall send by mail and e-mail a copy of the Court approved Notice and Consent Form to the Putative Class Members.

4) **Thirty (30) days** from the date Notice is mailed to Putative Class Members, Plaintiffs' Counsel is authorized to send by mail and e-mail a Reminder Postcard to the Putative Class Members reminding them of the deadline for the

submission of the Consent forms. Plaintiffs' Counsel shall follow up with all those Putative Class Members who have not returned their Consent forms with a phone call to ensure receipt of the Notice packet.

5) The Putative Class Members shall have **sixty (60) days** to return their signed consent forms for filing with the Court. After sixty (60) days, Defendant may take down the posted Notice and Consent forms.

ORDERED this 6th day of April, 2018.

Jason B. Libby
United States Magistrate Judge