IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **Santiago Chano, Alex Elizondo, Mario De La Garza and Juan G. Garza, Individually and on Behalf of Similarly Situated Individuals,** § § § § § | | |
| Plaintiffs, § | Civil Action No. 2:17-cv-141 | |
| § | **Jury Demanded** | |
| v. § § | | |
| **City of Corpus Christi, Texas,** § | | |
| Defendants. § | | |

**DEFENDANT'S UNOPPOSED AMENDED ANSWER &
STATEMENT OF AFFIRMATIVE DEFENSES TO
PLAINTIFFS' COLLECTIVE ACTION COMPLAINT**

**TO THE HONORABLE UNITED STATES MAGISTRATE:**

COMES NOW, Defendant City of Corpus Christi (the "City") and files this *Unopposed Amended Answer and Statement of Affirmative Defenses to Plaintiffs' Collective Action Complaint* and would show the Court as follows:

1. The City is not required to respond to those parts of paragraph 1.1 of *Plaintiffs' Collective Action Complaint* (the "Complaint") which do not constitute factual averments. The City denies Plaintiffs were not properly compensated. The City denies any employees similarly situated with Plaintiffs were not properly compensated. The City denies there is any statutory requirement requiring it to compensate Plaintiffs for "on call" time.

2. The City denies the factual averment contained in the first sentence of paragraph 1.2 of the Complaint. The City admits it has not paid Plaintiffs for two hours pay for every 24 hour shift that occurs during a normal day off, or one hour pay for each on call shift in addition to their work day. The City denies it has "failed" to make these payments to Plaintiffs because the City is not obligated to make such payments.

3. There are no factual averments contained in paragraph 1.3 of the Complaint which require a response.

4. The City admits the factual averments contained in the first sentence of paragraph 2.1 of the Complaint. The second sentence of paragraph 2.1 of the Complaint is a conclusion of law and no response is required.

5. The City admits the factual averment contained in paragraph 2.2 of the Complaint. No response is required to the conclusion of law contained in paragraph 2.2 of the Complaint.

6. Paragraph 2.3 of the Complaint is a conclusion of law and no response is required.

7. The City admits it employed Plaintiffs. The City lacks knowledge or information sufficient to form a belief about the truth of the remainder of the factual averments contained in paragraph 2.4 of the Complaint.

8. The City admits the factual averments contained in paragraph 3.1 of the Complaint except that the City denies that Plaintiffs were "required to work on call service."

9. The City admits the factual averments contained in paragraph 3.2 of the Complaint except the City denies this action is appropriate for collective action and denies that Plaintiffs were "required to monitor and respond to their radios."

10. The City admits the factual averments contained in paragraph 3.3 of the Complaint.

11. The City admits the factual averments contained in paragraph 3.4 of the Complaint, except the City denies this action is appropriate for collective action treatment and denies the statement that non-exempt employees were requested to be "on call" but were not compensated for that "on call" work.

12. The City admits this Court has jurisdiction of Plaintiffs federal law claims. The City denies any of the statutes cited in paragraph 3.5 of the Complaint provide this Court with

jurisdiction over Plaintiffs' state law claims, but does admit that the cited statutes vest this Court with jurisdiction over Plaintiff's federal law claims.

13. The City admits this Court has supplemental jurisdiction over Plaintiffs state law claims as asserted in paragraph 3.6 of the Complaint.

14. The City admits the factual averments contained in paragraph 4.1 of the Complaint.

15. The City admits the factual averments contained in paragraph 4.2 of the Complaint.

16. The City admits the factual averments contained in paragraph 4.3 of the Complaint.

17. The City denies the factual averments contained in paragraph 4.4 of the Complaint.

18. To the extent Plaintiffs aver, in paragraph 4.5 of the Complaint, they have not been fully compensated by the City for work Plaintiffs performed, the City denies such an averment.

19. The statement contained in paragraph 4.6 of the Complaint is a conclusion of law to which no response is required. The City admits that "on call" time may be compensable if an employee's ability to pursue personal activities is significantly limited. The City specifically denies any request by the City for Plaintiffs to participate in "on call" time significantly limited Plaintiffs' ability to pursue personal activities. The City further avers that with a few exceptions employers' on-call requirements are permitted and therefore not compensable under the *Fair Labor Standards Act*, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). *E.g. Bright v. Houston N.W. Med. Ctr. Survivor*, 934 F.2d 671, 677 (5th Cir. 1991), *cert. denied*, 502 U.S. 1036 (1992). *See also Arrington v. City of Macon*, 986 F. Supp. 1474, 1479-80 (M.D. Ga. 1991) (time spent by police officers on call not compensable even though they were required to notify dispatchers when they left their homes, remain within a specific geographical area, and respond to a call within 30 minutes).

20. The City denies the factual averments contained in paragraph 4.7 of the Complaint.

21. To the extent paragraph 4.8 of the Complaint avers the City had any legal obligation to pay Plaintiffs for "on call" time, the City denies such an averment. The City denies the remainder of the factual averments in paragraph 4.8 of the Complaint.

22. The City denies the factual averments contained in paragraph 4.9 of the Complaint.

23. The City denies that it engaged in any practice which violated the FLSA. The remainder of the statements contained in paragraph 4.10 of the Complaint are conclusions of law to which no response is required.

24. The City denies the factual averments contained in paragraph 4.11 of the Complaint.

25. The City denies the factual averments contained in paragraph 4.12 of the Complaint.

26. The City denies the factual averments contained in paragraph 4.13 of the Complaint.

27. The City denies the factual averments contained in paragraph 4.14 of the Complaint.

28. The City denies the factual averments contained in paragraph 4.15 of the Complaint.

29. The City denies the factual averments contained in paragraph 5.1 of the Complaint and the City denies this action is appropriate for collective action treatment.

30. The City denies this action is appropriate for collective action treatment. There are no other factual averments contained in paragraph 5.2 which require a response.

31. The City denies this action is appropriate for collective action treatment. There are no other factual averments contained in paragraph 5.3 which require a response.

32. There are no factual averments contained in paragraph 5.4 which require a response.

33. The City denies the factual averments contained in paragraph 6.1 of the Complaint.

34. There are no factual averments contained in paragraph 6.2 which require a response.

35. There are no factual averments contained in paragraph 6.3 which require a response.

36. There are no factual averments contained in paragraph 6.4 which require a response.

37. The City denies this action is appropriate for collective action treatment. There are no other factual averments contained in paragraph 6.5 which require a response.

38. There are no factual averments contained in paragraph 6.6 which require a response.

39. There are no factual averments contained in paragraph 7.1 which require a response.

## STATEMENT OF AFFIRMATIVE DEFENSES

Without assuming Plaintiffs' burden of proof as to any claim or issue, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

40. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
(Plaintiffs' Claims Arising Outside the Two-Year Statue of Limitations Are Barred)

41. Plaintiffs' claims under the FLSA are subject to a two-year statute of limitations, except in the case of willful violations, which may be brought within three years. 29 U.S.C. § 255.

42. Plaintiffs filed this Complaint on April 25, 2017, more than two years after some of the events described in their Complaint occurred.

43. Under FLSA, a violation is "willful" if the employer "'either knew or showed reckless disregard for … whether its conduct was prohibited by the state.'" *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003), *quoting Reich v. Bay., Inc.*, 23 F.3d 110, 117 (5th Cir. 1994), *quoting McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Plaintiffs bear the burden of showing that the Defendant's acts were willful. *Id.*

44. Defendant did not willfully violate or act with reckless disregard for whether its conduct was prohibited by the FLSA; therefore, the two-year statute of limitations applies in the instant case. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

45. To the extent that any claim arises outside the two-year statute of limitations, it is barred by the limitations period set forth in 29 U.S.C. § 255.

## THIRD AFFIRMATIVE DEFENSE
(Good Faith Defense Against Liquidated Damages)

46. At all times, Defendant acted in subjective good faith and had reasonable grounds for believing its actions were not a violation of the FLSA.

47. An employer is protected from liability for liquidated damages if the employer had a reasonable, good faith belief that it was not violating the FLSA. *Stokes v. BWXT Pantex., LLC*, 424 Fed.Appx. 324, 326 (5th Cir. 2011), citing 29 U.S.C. § 260.

48. Defendant had a reasonable, good faith that it was not violate the FLSA by virtue of the fact that Defendant's procedures for compensating its non-exempt employees are more

generous than the FLSA requires. See *Roy v. County of Lexington*, 141 F.3d 533, 548 (4th Cir. 1998) (defense against liquidated damages is available where the employer compensates its employees in certain instances more generously than the FLSA requires).

49. Plaintiffs are therefore not entitled to liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to liquidated damages liability.

**FOURTH AFFIRMATIVE DEFENSE**
**(Defendant's Complete Good Faith Bars FLSA Liability)**

50. Defendant acted in complete good faith that it was in conformity with administrative practice or enforcement policy of a United States agency with respect to the class of employers to which Defendant belongs.

51. Defendant's good faith bars liability under the FLSA. 29 U.S.C. § 259.

52. Plaintiffs' Complaint is therefore barred, because the acts or omissions complained of were done in complete good faith and with reasonable grounds for believing that its actions were in conformity with the administrative practices or enforcement policies of the Department of Labor's Wage and Hour Division.

**FIFTH AFFIRMATIVE DEFENSE**
**(All Wages Paid)**

53. Without assuming the burden of proof, Defendant complied with all recordkeeping requirements of the FLSA.

54. Plaintiffs have been compensated for all hours worked at a rate not less than that set forth by the provisions of the FLSA.

55. The Plaintiffs' claims are estopped by the submission of their own time records, for which they have received all compensation to which they are entitled under the FLSA.

56. This action is therefore barred to the extent Plaintiff seeks recovery for hours worked that have already been paid by Defendant.

**SIXTH AFFIRMATIVE DEFENSE**
**(Plaintiffs Are Barred From Recovery For Non-Compensable Time)**

57. Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiffs, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

58. This action is barred to the extent Plaintiffs seek recovery for time that is *de minimis* work time.

59. This action is barred to the extent Plaintiffs seek compensation for alleged unpaid hours worked that are non-compensable time for the purposes of the FLSA.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Recovery for Time Not Worked)**

60. The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiffs for, periods of time during which Plaintiffs performed no work, including vacation and/or sick/medical leave, or for periods of time during which Plaintiffs were otherwise absent from the workplace during that week, including holidays and other functions voluntarily attended.

61. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

WHEREFORE, having answered Plaintiffs' Complaint and having raised affirmative defenses, Defendant respectfully requests that the Court enter an Order dismissing Plaintiffs' Complaint with prejudice, awarding Defendant the costs and disbursements of this action, including attorney's fees, and awarding defendant City of Corpus Christi all other relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Mark DeKoch*
Mark DeKoch
Attorney-in-Charge
State Bar I.D. No. 05722500
Fed. I.D. No. 7442
ASSISTANT CITY ATTORNEY
CITY OF CORPUS CHRISTI
LEGAL DEPARTMENT
P.O. Box 9277
Corpus Christi, Texas 78469-9277
Telephone: (361) 826-3360
Facsimile: (361) 826-3239
Email: markd@cctexas.com

*/s/ Marilyn Larsen*
Marilyn Larsen
State Bar I.D. No. 24036949
Fed. I.D. No. 388036
CITY OF CORPUS CHRISTI
LEGAL DEPARTMENT
P.O. Box 9277
Corpus Christi, Texas 78469-9277
Telephone: (361) 826-3360
Facsimile: (361) 826-3239
Email: mjl350z@yahoo.com

*/s/ Renatto Garcia*
Renatto Garcia
State Bar I.D. No. 24090113
Fed. I.D. No. 3102277
ASSISTANT CITY ATTORNEY
CITY OF CORPUS CHRISTI
LEGAL DEPARTMENT
P.O. Box 9277
Corpus Christi, Texas 78469-9277
Telephone: (361) 826-3360
Facsimile: (361) 826-3239
Email: renattog@cctexas.com

**ATTORNEYS FOR DEFENDANT CITY OF CORPUS CHRISTI**

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiffs has stated he is unopposed to the filing of the foregoing document.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF and/or e-mail on this the 7th day of September, 2018.

*VIA CM/ECF*
Daniel G. Covich
*dcovich@herrmanandherrman.com*
Josh W. Hopkins
*jhopkins@herrmanandherrman.com*
HERRMAN & HERRMAN
The Herrman Building
1201 Third Street
Corpus Christi, Texas 78404

*/s/ Mark DeKoch*
Mark DeKoch