United States District Court
Southern District of Texas
**ENTERED**
July 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANTIAGO CHANO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-141 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO**
**APPROVE SETTLEMENT OF COLLECTIVE ACTION**

This is a collective action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Pending is the parties' Second Amended Joint Motion To Approve Settlement. (D.E. 104). Having considered the parties' briefing, arguments, the applicable legal authorities, all matters of record, and for the reasons set forth below, the undersigned respectfully recommends the Court approve the parties' settlement.

**I.   JURISDICTION**

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 16).

**II.   BACKGROUND**

Plaintiffs Santiago Chano, Alex Elizondo, Mario De La Garza and Juan G. Garza filed this civil action as named Plaintiffs on April 25, 2017. (D.E. 1). Plaintiffs are current or former employees of Defendant City of Corpus Christi ("the City"). (D.E. 19-

1 & 20-3). Plaintiffs each worked in the Collections Divisions of the City's wastewater department. Plaintiffs allege they and the consent Plaintiffs, as part of their employment with the City, were not paid for times when they were "on call." They allege that because their "on call" status required them to respond within 30 minutes, comply with the City's alcohol and drug policy and to be subject to discipline for not complying with the "on call" policy, they should have been paid pursuant to the City's on call policy. On June 21, 2017, the City filed an Answer. (D.E. 11). The City maintains Plaintiffs were not subjected to these restrictive "on call" rules and that employees who were subject to these rules were properly compensated.

On April 6, 2018, over the City's objection, the undersigned granted Plaintiffs' motion to conditionally certify this case as a collective action. (D.E. 45). The undersigned further approved notice and consent forms and ordered notice to prospective opt-in or consent Plaintiffs. (D.E. 45). Not including the named Plaintiffs, twenty-two persons filed consent forms with the Court.[1] (D.E. 23, 29, 30, 50, 51, & 64). The parties engaged in discovery and later reached a settlement at mediation before local mediator Andrew Lehrman. (D.E. 85).

On April 30, 2019, the parties filed a joint motion to approve the settlement (D.E. 83). The City also filed an unopposed motion to dismiss certain consent Plaintiffs who did not meet the condition of the class. (D.E. 84). A status conference was held on May 1, 2019, regarding the status of the case, including the proposed settlement and motion to dismiss. Counsel announced a misunderstanding about whether the motion to dismiss

---

[1] Sidney Edwards, Jose Lam and Charles Benavides each filed two consent forms, apparently inadvertently.

some of the consent Plaintiffs was actually unopposed. Counsel further announced certain consent Plaintiffs did not agree with the terms of the settlement. Therefore, the undersigned ordered any consent Plaintiff who objected to the settlement to file an objection on or before May 22, 2019. (D.E. 87). The undersigned also ordered any consent Plaintiff who objected to the unopposed motion to dismiss to file an objection on or before May 22, 2019. (D.E. 87). The undersigned further ordered the parties to file an amended joint motion to approve the settlement with more details about the terms of the settlement including any attorneys' fees, an estimated amount each Plaintiff will receive, and why there is a bona fide dispute regarding the actual amount owed by the City. (D.E. 87). The Court received nine letters from consent Plaintiffs objecting to the terms of the settlement. (D.E. 89, 90, 91, 92, 93, 94, 95, 96, & 99). None of the consent Plaintiffs subject to the unopposed motion to dismiss filed objections with the Court by the deadline.

On May 10, 2019, the parties filed their First Amended Joint Motion to Approve Settlement. (D.E. 88). On May 30, 2019, a hearing was held regarding the terms of the proposed settlement and the status of the case. The undersigned found the terms of the settlement problematic, primarily because of a disparity between the amount of the monetary settlement for the named Plaintiffs as compared to the consent Plaintiffs. (D.E. 98). Further, the undersigned found the motion to approve the settlement agreement did not contain sufficient detail to allow the Court to make a reasoned decision regarding whether the settlement was fair and reasonable. Therefore, the undersigned stayed the dispositive motions deadline and ordered the parties to confer. (D.E. 98).

Another status conference was held on June 17, 2019. The parties announced they had reached a revised settlement wherein the City agreed to increase the settlement by $10,000.00. The parties were ordered to file an amended motion for approval of the settlement on or before June 27, 2019. (D.E. 102).

On June 17, 2019, the City also filed a second unopposed motion to dismiss seven consent Plaintiffs from this action. (D.E. 101). During the status conference on this date, counsel confirmed the motion to dismiss was in fact unopposed and none of the consent Plaintiffs subject to the motion to dismiss had filed objections to being dismissed from the action. The undersigned ordered seven of the consent Plaintiffs dismissed from the conditionally certified class without prejudice on the City's unopposed motion to dismiss. (D.E. 101 & 103). These consent Plaintiffs either did not meet the definition of the conditionally certified class or no longer wished to pursue their claims.[2] (D.E. 101, 103).

On June 27, 2019, the parties filed their Second Amended Joint Motion to Approve Settlement. (D.E. 104). A short hearing was held on July 10, 2019, although the terms of the settlement agreement are set forth in detail in the parties' written motion. The written motion provides sufficient detail and information about the case and terms of the agreement for the undersigned to recommend the settlement be approved.

---

[2] On June 26, 2019, over a month after the May 22, 2019 deadline, the Court received a letter from consent Plaintiff Toby Flores. (D.E. 105). Mr. Flores was one of the consent Plaintiffs dismissed on the City's unopposed motion to dismiss. In the letter, Mr. Flores complained about being inadequately represented and requested to be reinstated in the action. Mr. Flores appeared by telephone at the hearing on July 10, 2019, at which Plaintiffs' counsel confirmed Mr. Flores had been notified he was subject to being dismissed for failure to meet the requirements and the deadline to filing an objection to being dismissed. Therefore, the undersigned declined to reconsider the dismissal order.

### III. LEGAL STANDARD

FLSA collective action claims may be compromised after the court reviews and approves a settlement. *Beardslee v. Randalls Food & Drugs LP*, No. 4:09-cv-1200, 2009 WL 1957714, at *1 (S.D. Tex. July 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 350, 1353 (11th Cir. 1982)). *See Sims v. Housing Auth. City of El Paso*, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012) (noting dearth of Fifth Circuit precedent on review of settlement agreements pursuant to the FLSA ). Before approving a settlement of an FLSA collective action, the Court must determine whether: (1) there is a bona fide dispute over an FLSA provision, and (2) the terms of the settlement are fair and reasonable. *Sims*, 2012 WL 10862119, at *3.

Although FLSA collective actions are technically not class actions, the provisions of Federal Rule of Civil Procedure 23 are useful because Rule 23(e) requires court approval to finalize a proposed class action settlement. *Sims*, 2012 WL 10862119, at *3. "Thus, the Rule 23(e) standard encompasses the 'fair and reasonable' settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and applicable to the instant FLSA action." *Id.* (citing *Altier v. Worley Catastrophe Resp., LLC,* 2012 WL 161824, at *14 (E.D.La. 2012)). In determining whether a settlement is fair and reasonable, the Court should consider the following six factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.

*Id.* (citing *Reed v. Gen. Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983)).

## IV.   ANALYSIS

### A. Whether a Bona Fide Dispute Exists

The parties' Second Amended Joint Motion to Approve Settlement (D.E. 104) sets forth in detail why there is a bona fide dispute between the parties regarding Plaintiffs' collective action claims. (D.E. 104, pp. 3-8).  Additionally, the City's 45-page motion for summary judgment (D.E. 79-1) with attached affidavits and other evidence establishes a bona fide dispute.  To put it simply, the City maintains the named Plaintiffs and consent Plaintiffs were not "on call" but rather were subject to voluntarily returning to work if called.  If a Plaintiff did not want to work overtime when called, another worker would be called.  Additionally, the City maintains that even if the Court were to determine Plaintiffs and consent Plaintiffs were "on call" the circumstances of being "on call" were not so restrictive as to require compensation for these employees.  The City further maintains some of the consent Plaintiffs were in fact on call for a portion of the relevant time period, however, those employees were properly compensated.  Plaintiffs do not concede the merits of the City's motion for summary judgment, however, even if the Plaintiffs' case survived the City's motion for summary judgment, the undersigned finds the Plaintiffs would risk a potential defense verdict if the case proceeded to trial.  The City also points out that if the settlement is not approved, it will move to decertify this collective action because the named Plaintiffs and opt-in Plaintiffs are not sufficiently similarly situated to warrant continuation of this case as a collective action.  The merits of decertification need not be decided here, but the likelihood of continued contested

litigation and the uncertainty of its outcome is further reason to find a bona fide dispute exists.

### B. Whether the Settlement is Fair and Reasonable

With regard to whether the settlement is fair and reasonable, the amount of the settlement and the amount each Plaintiff and consent Plaintiff will receive is set forth in the parties' written motion. The undersigned was initially concerned with the disparity of the settlement amount for the named Plaintiffs when compared to the consent Plaintiffs. (D.E. 83, 88, & 98). However, since the time of the parties' first two motions to approve the settlement, the City has added $10,000 to the settlement to be apportioned among the consent Plaintiffs. (D.E. 104). This additional sum has reduced the disparity between the named Plaintiffs and consent Plaintiffs. A higher settlement amount for the named Plaintiffs is warranted because they were burdened with having a more active role in the litigation which included participating in discovery and the mediation. Additionally, each of the named Plaintiffs was a foreman who received a higher rate of pay than the consent Plaintiffs. Therefore, had the named Plaintiffs prevailed at trial, their damages would have been higher than the lower paid consent Plaintiffs.

Additionally, there is no evidence of fraud or collusion. The complexity of the dispute and the likelihood of protracted contested litigation weigh in favor of finding the settlement fair and reasonable. The stage of the proceedings also weighs in favor of approving the settlement. Sufficient discovery has been completed to ensure the Court that counsel have enough information to evaluate the respective strengths and weaknesses of their case. The probability of the Plaintiffs' success on the merits is uncertain, but it is

fair to say the City has viable defenses. Granted, the settlement amount for the Plaintiffs is a fraction of what Plaintiffs would receive if they prevailed at trial; however, in light of the uncertainty of the outcome of the litigation, the settlement is reasonable. The lawyers and class representatives also believe the settlement is reasonable.

Weighing against the settlement is Docket Entry 106 which is a letter signed by seven consent Plaintiffs: Jay Martinez, Nick Vela, Leroy Meza, David Hornsby, Nicolas Johnson, Broderick Spencer and Jose Lam. The letter expresses the opinions of these consent Plaintiffs that their settlement amount is insufficient. (D.E. 106). Of the objecting Plaintiffs, Leroy Meza would receive $669.33 under the terms of the settlement. (D.E. 104, p. 12). The remaining objecting consent Plaintiffs would each receive $288.89. Again, the City maintains each of the consent Plaintiffs was properly compensated and is not entitled to any recovery. However, in explaining the methodology for the settlement, the parties state that with the exception of Leroy Meza, the objecting consent Plaintiffs each worked in a division where they received on call pay for a portion of the time at issue. (D.E. 104, p. 12). Accordingly, their settlements are lower because they have been already been compensated for being on call for a portion of the time at issue.

An FLSA collective action follows an "opt-in" procedure in which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Each of the objecting consent Plaintiffs filed a consent form to be part of this litigation. By filing the consent form, the consent Plaintiffs each

8 / 10

agreed to "be bound by the judgment, favorable or unfavorable." (D.E. 47). They also agreed to be bound by any settlement reached and designated the named Plaintiffs as their agents to make decisions on their behalf. (D.E. 47). They further agreed these agreements made by the named Plaintiffs will be binding. (D.E. 47). The basis of the objection to the settlement raised by the consent Plaintiffs is to the amount of the settlement. Their objection is understandable in light of modest amount of their share of the settlement. However, the fact that settlement was offered by the City does not mean these Plaintiffs are entitled to any compensation. The City considers payment to these consent Plaintiffs as a way of concluding the case without incurring further costs of litigation. Even considering the objection filed by seven consent Plaintiffs (D.E. 106), the undersigned recommends the Court approve the settlement.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned recommends the Court **GRANT** the parties' Second Amended Joint Motion to Approve Settlement (D.E. 104) and give the Parties a deadline of 60 days from ruling on this Memorandum and Recommendation to complete the settlement and file their dismissal documents with the Court.

Respectfully submitted this 11th day of July 2019.

Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).